execute the SARA LEE FRESH Security Agreement and financing statement(s) to evidence such security interest. Any default under the SARA LEE FRESH Security Agreement by DISTRIBUTOR shall be a default under this Agreement.

## ARTICLE 4
## DISTRIBUTOR'S OBLIGATIONS

§4.1 **DISTRIBUTOR'S EFFORTS:** DISTRIBUTOR agrees to use commercially reasonable efforts to develop and maximize sales of Products to Outlets within the Sales Area by maintaining an adequate and fresh supply of Products in all Outlets; soliciting new accounts and new Outlets; rotating Products to promote their sale before they become stale or off code; promptly removing all stale or off code Products; cooperating with SARA LEE FRESH in its marketing programs; maintaining a computer assisted record-keeping system compatible with the system maintained by SARA LEE FRESH now or in the future; maintaining a vehicle and other equipment in proper condition to accept and enable proper delivery of the Products; and providing service on a basis consistent with good industry practice to all Outlets in the Sales Area requesting service. DISTRIBUTOR is not required to service any Outlet that has proven consistently to be unprofitable, provided that where a Chain requires that such an Outlet be served as a condition for serving its other outlets, the profitability of any Outlet which is part of that Chain shall be judged on the basis of the profitability of the Chain as a whole. Nothing herein shall be deemed to prohibit DISTRIBUTOR'S right to carry and distribute merchandise for other companies or otherwise engage in any other business activity unless and except to the extent that such other merchandise is competitive with or could contaminate the Products or such other business activity is inconsistent or

7

SARA LEE FRESH Distribution Agreement

interferes with the obligations of the DISTRIBUTOR hereunder, or would be illegal or adversely affect the reputation of SARA LEE FRESH or the Names and Marks.

§4.2 **COMPLIANCE**: DISTRIBUTOR shall operate the business in compliance with all federal, state and local laws, rules and regulations.

§4.3 **PERSONAL SERVICES NOT REQUIRED**: Nothing herein shall be deemed to contemplate or require that DISTRIBUTOR perform any of the services called for by this Agreement personally, and DISTRIBUTOR shall be free to engage such persons as DISTRIBUTOR deems appropriate to assist in discharging DISTRIBUTOR'S responsibilities hereunder. DISTRIBUTOR shall have the exclusive right to select, fix the compensation of, discharge and otherwise to manage, supervise and control all persons engaged by DISTRIBUTOR and shall, with respect to all such persons, perform all obligations and discharge all liabilities imposed upon DISTRIBUTOR under all government laws, rules or regulations ("Laws"), whether such Laws relate to labor, employment standards, worker's compensation, unemployment insurance, pay equity or any other governmental requirement; file all required tax information, reports and pay and/or withhold all applicable payroll-related taxes with respect to any employees of DISTRIBUTOR. DISTRIBUTOR in all events shall be and remain responsible for insuring that all persons engaged by DISTRIBUTOR comply fully with all the terms and conditions of this Agreement. Any breach of this Agreement by any person engaged by DISTRIBUTOR shall be deemed to be a breach by DISTRIBUTOR.

§4.4 **NON-COMPLIANCE**: Failure to carry out the terms, conditions and obligations listed in this Article or elsewhere in this Agreement shall be considered a breach of

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

this Agreement and shall entitle SARA LEE FRESH to terminate this Agreement as more specifically set forth in Article 8 hereof, except that DISTRIBUTOR shall not be responsible for failures caused by Force Majeure.

## ARTICLE 5
## SARA LEE FRESH'S OBLIGATIONS

§5.1 **SARA LEE FRESH'S EFFORTS**: SARA LEE FRESH shall use commercially reasonable efforts to deliver to DISTRIBUTOR sufficient quantities of the Products to supply Outlets requesting service in the Sales Area, to assist in the development of new Outlets, to preserve and develop the quality and marketability of the Products and to assist and cooperate with DISTRIBUTOR'S sales efforts, except that SARA LEE FRESH shall not be responsible for failures caused by Force Majeure.

§5.2 **SALES TO CHAINS**: In order to enable DISTRIBUTOR to pursue business opportunities with Chains, which may require standard terms for all DISTRIB-UTORS, DISTRIBUTOR hereby designates SARA LEE FRESH and SARA LEE FRESH hereby agrees to act, as DISTRIBUTOR'S agent. SARA LEE FRESH shall use commercially reasonable efforts to obtain from Chains authorization to sell Products in the Chains and information regarding the prices and terms at which the Chains would be willing to purchase Products for their Outlets, and SARA LEE FRESH will communicate the information concerning such authorizations, prices and terms to DISTRIB-UTOR. This appointment of SARA LEE FRESH as DISTRIBUTOR'S agent shall not prevent DISTRIBUTOR from having the right to negotiate prices and terms directly with a Chain and selling Products to the Chain at whatever prices and terms DISTRIBUTOR can negotiate. In addition, DISTRIBUTOR shall have the option to revoke the designation of SARA LEE

FRESH as DISTRIBUTOR'S agent at any time on thirty (30) days notice. Nothing herein shall require SARA LEE FRESH to pay slotting allowances or other similar fees or charges imposed by the Chains.

## ARTICLE 6
## TRANSFER OF RIGHTS

§6.1 **CONDITIONS OF ASSIGNABILITY:** The Distribution Rights are owned by the DISTRIBUTOR and may be sold or otherwise transferred in whole or in part by DISTRIBUTOR, or in the event of DISTRIBUTOR'S death, by a legal representative of DISTRIBUTOR'S estate, provided that any such sale or transfer shall be subject to: (a) the prior written approval of SARA LEE FRESH, which approval will not be unreasonably withheld; and (b) a right of first refusal on the part of SARA LEE FRESH at the same terms and conditions offered to DISTRIBUTOR or DISTRIBUTOR'S estate (the "Offer") by a bona fide purchaser or transferee (the "Offeror"). The right of approval and right of refusal referred to herein shall expire unless DISTRIBUTOR is notified by SARA LEE FRESH that it does not approve the Offeror or that it wishes to exercise its right of first refusal by notice given within ten (10) days after the last to occur of the following:

   i. receipt by SARA LEE FRESH of written notice of intent to sell or transfer to a named Offeror on terms and conditions fully set forth in such notice; and

   ii. a personal interview of the Offeror by a SARA LEE FRESH representative; and

   iii. receipt by SARA LEE FRESH of the Offeror's current financial statements and such additional information concerning the Offeror's finan-

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

cial condition, credit, driving records, and other matters reasonably appropriate to SARA LEE FRESH in its determination. If the contemplated sale or transfer is not a bona fide transfer for value, the price to be paid by SARA LEE FRESH shall be the market value of the Distribution Rights at the time of receipt of such notice of intent.

If SARA LEE FRESH'S right of approval and right of first refusal expire as provided above, DISTRIBUTOR may consummate the transfer to the Offeror on the terms of the Offer; provided (i) such action or inaction will not eliminate or in any way affect SARA LEE FRESH'S right of approval or its right of first refusal on future transfers of the Distribution Rights; and (ii) if no transfer to the Offeror is consummated on the terms of the Offer within 90 days after the expiration of SARA LEE FRESH'S right of approval or right of first refusal, all of the provisions of this §6.1 shall reapply.

§6.2 **DEATH:** In the event of the death of DISTRIBUTOR, SARA LEE FRESH may require the DISTRIBUTOR'S estate to sell the Distribution Rights. If the estate does not sell such Distribution Rights within a period of ninety (90) days from the date on which SARA LEE FRESH requires it to do so, SARA LEE FRESH shall have the right to sell the same, as the estate's agent, to a qualified purchaser.

§6.3 **PROCEEDS:** Any sale shall be for the account of DISTRIBUTOR or DISTRIBUTOR'S estate, and the proceeds of the sale, after deducting therefrom any monies owed by DISTRIBUTOR to SARA LEE FRESH, all reasonable costs and expenses in connection with the sale, including without limitation the cost of removing any off code or damaged Products in DISTRIBUTOR'S Sales Area, and the satisfying of any outstanding debts, liens, security interests, legal fees and similar expenses, shall be turned over to DISTRIBUTOR or DISTRIBUTOR'S estate.

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

§6.4 **TRANSFER DOCUMENTS:** In the event of a sale or transfer by or for the account of DISTRIBUTOR or DISTRIBUTOR'S estate as described in this Article 6, the DISTRIBUTOR or the estate shall execute an appropriate bill of sale to the purchaser, and a general release terminating, canceling and surrendering DISTRIBUTOR'S rights under this Agreement and releasing any and all claims against SARA LEE FRESH and its affiliates and its officers, directors, shareholders, employees, successors and assigns arising under or out of this Agreement, and SARA LEE FRESH agrees to enter into a new Distribution Agreement with the purchaser in the form of agreement then being used by SARA LEE FRESH.

§6.5 **TRANSFER FEE:** In the event of a sale or transfer by DISTRIBUTOR or by SARA LEE FRESH for the account of DISTRIBUTOR of all or any portion of DISTRIBUTOR'S Distribution Rights, including a sale to SARA LEE FRESH, DISTRIBUTOR shall pay a Transfer Fee to SARA LEE FRESH in an amount equal to TWO PER CENT (2%) of the sales price, in full consideration for the administrative activities undertaken by SARA LEE FRESH in connection therewith.

## ARTICLE 7
## SERVICE FAILURES AND CHANGES

§7.1 **PARTIAL ABANDONMENT:** If DISTRIBUTOR fails to service any Outlet in the Sales Area and such failure is not remedied within three (3) days after receipt of written notice thereof, then, in addition to any other lawful rights and remedies SARA LEE FRESH may have, SARA LEE FRESH may deem such Outlet abandoned and may make other arrangements for the service thereof. DISTRIBUTOR shall not be entitled to any proceeds derived from such service.

§7.2 **CHANGE IN DELIVERY METHOD:** In the event any Outlet makes an independent determination to accept delivery of the Products by any method other than direct store door delivery, and so informs SARA LEE FRESH, SARA LEE FRESH shall advise DISTRIBUTOR of that Outlet's determination and thereafter SARA LEE FRESH shall be permitted to make other arrangements to service such Outlet, which service shall not be deemed to violate DISTRIBUTOR'S rights hereunder and DISTRIBUTOR shall not be entitled to any proceeds derived from such service. However, DISTRIBUTOR shall continue to own those Distribution Rights defined herein to the Outlet within the Sales Area.

§7.3 **TEMPORARY SERVICE BY SARA LEE FRESH:** If DISTRIBUTOR or DISTRIBUTOR'S estate, as the case may be, is not able to or does not perform the obligations under this Agreement, DISTRIBUTOR or DISTRIBUTOR'S estate shall make other adequate provision for such performance at the expense of DISTRIB-UTOR or DISTRIBUTOR'S estate. If no such provision is made, SARA LEE FRESH, within the limits of its ability to do so, may make arrangements to have these obligations performed for the account of DISTRIBUTOR, deducting from the revenues generated the reasonable expenses of such performance and delivering the balance, if any, to DISTRIBUTOR. Such temporary performance shall not relieve DISTRIBUTOR of any of the obligations imposed by this Agreement, constitute an assumption by SARA LEE FRESH of any obligations of DISTRIBUTOR, nor act to cure any default which may exist on the part of DISTRIBUTOR.

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

EXHIBIT A, 13/25

# ARTICLE 8
# TERMINATION

§8.1 **BREACH**: In the event DISTRIBUTOR breaches any obligations or covenants under this or any other Agreement with SARA LEE FRESH, SARA LEE FRESH may terminate the Agreement as set forth below.

§8.2 **NON-CURABLE BREACH**: If the breach by DISTRIBUTOR involves criminal activity, threatens public health or safety, or threatens to do significant harm to SARA LEE FRESH, its affiliates, the Names and Marks, or its commercial reputation, SARA LEE FRESH may terminate this Agreement immediately upon written notice and DISTRIBUTOR shall have no right to cure.

§8.3 **CURABLE BREACH**: In the event of breach by DISTRIBUTOR other than under §8.2, SARA LEE FRESH shall give DISTRIBUTOR three (3) business days written notice within which DISTRIBUTOR may cure the breach. If DISTRIBUTOR fails to cure such breach within said three (3) day period, SARA LEE FRESH may thereafter terminate this Agreement and DISTRIBUTOR shall have no further right to cure; provided, further, that the parties agree that repeated violations constitute a chronic breach and threaten significant harm to SARA LEE FRESH, its Names and Marks or commercial reputation, and in such event SARA LEE FRESH shall be entitled to terminate this Agreement pursuant to §8.2 and DISTRIBUTOR shall have no further right to cure.

§8.4 **ACTIONS FOLLOWING TERMINATION**: Termination under §8.2 or §8.3 above shall entitle SARA LEE FRESH to operate the business for the account of the DISTRIBUTOR, deducting from the revenues generated the reasonable expenses of such performance and delivering the balance, if any, to DISTRIBUTOR. Termi-nation shall require DISTRIBUTOR to sell the

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

EXHIBIT A, 14/25

Distribution Rights, and in the event that DISTRIBUTOR has not consummated a sale to a qualified purchaser within ninety (90) days of the date of termination, SARA LEE FRESH shall be authorized to sell DISTRIBUTOR'S Distribution Rights to a qualified purchaser at the best price which can be obtained after proper notice and advertisement. Said sale shall be for the account of the DISTRIBUTOR, and the provisions of §6.3 and §6.4 hereof shall apply.

## ARTICLE 9
## DISPUTE RESOLUTION

§9.1 **RESOLUTION OF DISPUTES:** Any dispute between SARA LEE FRESH and Distributor arising out of the relationship created by this Agreement shall be subject to the dispute resolution provisions set forth below.

§9.2 **MEDIATION:** In the event of any dispute, either party may initiate a mediation procedure within 10 days of the date on which facts respecting the dispute first come to such party's attention, by submitting a written request for mediation to the Judicial Arbitration & Mediation Services, Inc. ("JAMS) according to its procedures, or any other mediation service mutually agreed to by the parties according to such mediator's procedures.

The mediation process shall begin promptly and shall be concluded within ten (10) business days of the day the request for mediation is made, unless the parties mutually otherwise agree. Any and all discussions, negotiations, findings or other statements by the mediator and/or the parties made in connection with the mediation shall be privileged and confidential and shall not be admissible into evidence in any litigation.

All mediation proceedings shall take place in the county where the principal place of business of DISTRIBUTOR is then located. The expenses of the mediation

15

SARA LEE FRESH Distribution Agreement

service shall be borne equally by both parties, and all other expenses relating to such mediation shall be borne by the party incurring them.

The commencement of any dispute resolution procedure shall not act to prevent SARA LEE FRESH from instituting or proceeding with any action which may be the subject of the dispute, except that SARA LEE FRESH agrees that it will not sell, nor require distributor to sell, the distribution rights, as called for by §8.3 above until the dispute resolution process has been concluded or the time for either party to further proceed with dispute resolution has expired.

§9.3 ARBITRATION: If the parties are unable to resolve the dispute through mediation, either party may avail itself of the right to seek relief from an arbitrator, by filing a complaint within twenty (20) days following the conclusion of the mediation process, which period shall constitute an agreed time limitation, and such complaint shall be limited to the cause(s) of action within the scope of the mediation conducted in accordance of §9.2 above.

Any dispute between the parties subject to this Article shall be decided by neutral, binding arbitration conducted in accordance with either the Commercial Arbitration Rules of the American Arbitration Association ("AAA") or the rules of Judicial Arbitration and Mediation Services, Inc. ("JAMS"). The selection between AAA and JAMS rules shall be made by the party first filing for the arbitration. The arbitration shall be conducted by one arbitrator and shall be held in the county where the principal place of business of DISTRIBUTOR is then located. The arbitrator shall apply the substantive law specified in §11.11 of this Agreement, except that with respect to arbitration matters, the provisions of the Federal Arbitration Act shall be controlling. Judgment upon the award rendered by the arbitrator shall be final and binding and may be entered in any court having jurisdiction thereof.

16

SARA LEE FRESH Distribution Agreement

EXHIBIT A, 16/25

§9.4 <u>BUSINESS JUDGMENT</u>: The parties hereto recognize, and any mediator, arbitrator or judge is affirmatively advised, that certain provisions of this Agreement describe the right of SARA LEE FRESH to take (or refrain from taking) certain actions in the exercise of its business judgment based on its assessment of the overall best interests of the network and/or Distribution Program. Where such discretion has been exercised, and is supported by the business judgment of SARA LEE FRESH, neither a mediator nor an arbitrator not a judge shall substitute his or her judgment for the judgment so exercised by SARA LEE FRESH.

§9.5 <u>DAMAGES AND LIMITATION OF ACTIONS</u>: NO PUNITIVE OR EXEMPLARY DAMAGES SHALL BE AWARDED AGAINST EITHER SARA LEE FRESH OR DISTRIBUTOR, OR ANY AFFILIATES OF EITHER OF THEM, IN ANY PROCEEDING, AND ALL CLAIMS TO SUCH DAMAGES ARE HEREBY WAIVED. SARA LEE FRESH and DISTRIBUTOR agree that no form of action or proceeding permitted hereby will be maintained by any party to enforce any liability or obligation of the other party, whether arising from this Agreement or otherwise, except in accordance with the provisions hereof, and unless the proceeding is brought either within the time periods set forth

## ARTICLE 10
## TRADEMARKS, TRADE NAMES
## AND COMPUTER SOFTWARE USAGE

§10.1 <u>PERMISSION FOR USE</u>: SARA LEE FRESH hereby grants to DISTRIBUTOR a limited, non-exclusive right in the Sales Area only to use the Names and Marks solely to identify its SARA LEE FRESH business and the Products supplied by SARA LEE FRESH to DISTRIBUTOR. DISTRIBUTOR acknowledges that the Names and Marks are the exclusive property of SARA LEE FRESH or its licensor,

17

SARA LEE FRESH Distribution Agreement

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

Sara-Mar, L.L.C, and DISTRIBUTOR agrees that it will not dispute or contest the exclusive right, title and interest of SARA LEE FRESH or Sara-Mar, L.L.C. in, or the validity of, any of the Names or Marks. DISTRIBUTOR acknowledges that it does not have, and will not acquire, any right, title or interest in any of the Names and Marks or in the good will now or hereafter attaching thereto, and that all such goodwill shall inure solely to the benefit of SARA LEE FRESH. DISTRIBUTOR agrees that it shall not use any of the Names and Marks in any corporate title or trading name of any corporation, company, partnership, association, business or sole proprietorship of the DISTRIBUTOR, or with which the DISTRIBUTOR may become affiliated or related through ownership or otherwise. DISTRIBUTOR agrees that it shall not tamper with any of the Names and Marks or other written matter or graphical designations on the packaging of the Products supplied by SARA LEE FRESH to DISTRIBUTOR hereunder and shall not otherwise modify or change the packaging thereof in any way. Any marketing or promotional material proposed to be used by DISTRIBUTOR which references the Names and Marks (other than marketing or promotional material supplied by SARA LEE FRESH) shall be submitted to SARA LEE FRESH for approval, and said material shall not be used without the prior written consent of SARA LEE FRESH.

§10.2 **SOFTWARE ACCOUNTING SYSTEM**: DISTRIBUTOR is hereby authorized to use any proprietary software system and program developed by SARA LEE FRESH for route sales accounting as the same may be amended from time to time, but shall acquire no other interest or right in the software and shall not attempt to modify, decompile, disassemble or otherwise reverse engineer the software.

§10.3 **RETURN UPON TERMINATION**: Upon the termination of this Agreement or of DISTRIBUTOR'S right to use any of the Names and Marks, DISTRIBUTOR shall immediately cease its use of the Names and Marks (or the terminated Names and

Marks, as the case may be), and shall not thereafter use any trademarks, trade names or other designations associated with or confusingly similar to said Names and Marks, or make any representations, directly or indirectly, that it continues to distribute products bearing said Names and Marks.

## ARTICLE 11
## MISCELLANEOUS

§11.1 <u>NOTICES</u>: Any notice required or permitted under this Agreement shall be deemed properly given when personally received or one (1) day after delivery to an overnight courier service for first day delivery, or five (5) days after deposit in the mails, return receipt requested, first class postage pre-paid. All notices shall be addressed to DISTRIBUTOR at the address stated above and to SARA LEE FRESH at the address indicated in Schedule B attached hereto. Either party may designate another address for receipt of notices by written notice duly given in accordance with this §11.1.

§11.2 <u>SURVIVAL/ASSIGNABILITY</u>: This Agreement shall be binding upon heirs, personal representatives, successors or permitted assigns of the parties hereto. SARA LEE FRESH shall have the right to transfer or assign this Agreement or any of its rights or obligations hereunder to any other person or legal entity.

§11.3 <u>INCORPORATION BY REFERENCE:</u> This Agreement is subject to and affected by the terms and conditions of a certain Bill of Sale executed by the parties immediately prior hereto and said Bill of Sale is incorporated herein by reference as though fully set forth in this Agreement.

§11.4 <u>ENTIRE AGREEMENT</u>: SARA LEE FRESH and DISTRIBUTOR each acknowledge and warrant to each other than they wish to have all terms of this business relationship defined in this written Agreement. Neither SARA LEE

SARA LEE FRESH Distribution Agreement

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

FRESH nor DISTRIBUTOR wishes to enter into a business relationship with the other in which any terms or obligations are the subject of alleged oral statements or in which oral statements serve as the basis for creating rights or obligations different than or supplementary to the rights and obligations set forth herein. Accordingly, SARA LEE FRESH and Distributor agree that this Agreement, together with any other documents or agreements executed by the parties contemporaneously hereto, supersede and cancel any prior and/or contemporaneous discussions (whether described as representations, inducements, promises, agreements or any other term), between SARA LEE FRESH or anyone acting on its behalf and DISTRIBUTOR or anyone acting on his or her behalf, which might be taken to constitute agreements, representations, inducements, promises or understandings (or any equivalent to such terms) with respect to the relationship between the parties, and SARA LEE FRESH and DISTRIBUTOR each agree that they have placed, and will place, no reliance on any such discussions. This Agreement, together with any other documents or agreements executed by the parties contemporaneously hereto, constitutes the entire agreement between the parties and contains all of the terms, conditions, rights and obligations of the parties with respect to any aspect of the relationship between the parties. No future Distribution Rights or offer of Distribution have been promised to DISTRIBUTOR and no such Distribution Rights or offer of Distribution Rights shall come into existence, except by means of a separate writing, executed by an officer of SARA LEE FRESH or such other entity granting the Distribution Rights and specifically identified as a modification of this Agreement. No change, modification, amendment or waiver of any of the provisions hereof shall be effective and binding upon either party unless it is in writing, specifically identified as an amendment hereto and signed by the party to be charged.

20

SARA LEE FRESH Distribution Agreement

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

§11.5 <u>CONSTRUCTION</u>: DISTRIBUTOR acknowledges the opportunity (i) to be represented by an attorney in connection with the preparation and execution of this Agreement, and (ii) to review and understand the terms and provisions hereof and to consider the advisability of entering into this Agreement. This Agreement shall be construed according to its plain meaning and neither for nor against either party hereto regardless or which party caused the same to be drafted.

§11.6 <u>NON-WAIVER</u>: The failure of either party to exercise any right, power or option given under this Agreement or to insist upon strict compliance with the terms and conditions of this Agreement, shall not constitute a waiver of the terms and conditions of this Agreement with respect to any other or subsequent breach of this Agreement or default under this Agreement, nor a waiver by such party of its right at any time thereafter to require strict compliance with all the terms and conditions of this Agreement.

§11.7 <u>CUMULATIVE RIGHTS</u>: The rights and remedies or the parties set forth in this Agreement are cumulative to other rights and remedies available at law or in equity.

§11.8 <u>INDEMNIFICATION</u>: Each party hereby agrees to defend, indemnify and hold the other harmless against a third party as to any costs, charges or claims including, without limitation, reasonable attorneys' fees and costs of settlement which may arise out of such party or its employees' or independent contractors' direct or indirect failure to perform any obligation and/or discharge any liability arising hereunder.

§11.9 <u>DESIGNATION AS AGENT</u>: DISTRIBUTOR hereby irrevocably grants SARA LEE FRESH a limited power of attorney with full and complete authority to transfer DISTRIBUTOR'S Distribution Rights, or perform any of DISTRIBUTOR'S obligations hereunder for DISTRIBUTOR'S account, in accordance with the terms

of this Agreement. This appointment shall survive the death or disability of DISTRIBUTOR or the termination of this Agreement.

§11.10 **ACQUISITIONS:** Notwithstanding anything to the contrary contained herein, this Agreement shall not apply to any products or product lines obtained by SARA LEE FRESH, or any entity related thereto, through acquisition after the date hereof.

§11.11 **CONTROLLING LAW:** The validity, interpretation and performance of this Agreement shall be controlled by and construed in accordance with the substantive laws of the State of California, without giving effect to its conflict of laws principles, except that with respect to arbitration matters, the provisions of the Federal Arbitration Act shall be controlling.

§11.12 **NECESSARY MODIFICATION:** In the event any provision of this Agreement is found to be invalid, contrary to, or in conflict with any present or future law or regulation applicable to this Agreement, as determined by a final ruling of any court, agency or tribunal possessing competent jurisdiction, this Agreement shall be deemed modified to the extent necessary to conform with any such ruling, law or regulation. The remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

§11.13 **COUNTERPARTS:** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same instrument.

§11.14 **TIME CALCULATION:** In computing the number of days for purposes of this Agreement, all days shall be counted, including Saturdays, Sundays and holidays; provided, however, that if the final day of any time period falls on a Sunday, or holiday, then the final day shall be deemed to be the next day which is not a Sunday or holiday.

§11.15 <u>CONFIDENTIALITY</u>: DISTRIBUTOR agrees not to use personally, or disclose or furnish, directly or indirectly, to any person, firm, company or corporation engaged in the baking business, any confidential information, including customer lists, or property right of SARA LEE FRESH acquired by DISTRIBUTOR as a result of the Distributorship hereby established. DISTRIBUTOR'S obligations under this §11.15 shall survive termination of this Agreement.

**IN WITNESS WHEREOF**, SARA LEE FRESH and DISTRIBUTOR have caused this Agreement to be duly executed as of the day and year first above written.

**INTERNATIONAL BAKING CO., INC.**
**(SARA LEE FRESH)**

By: _____          _____
    SIMON J. MANI, PRESIDENT                    DISTRIBUTOR

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

23

SARA LEE FRESH Distribution Agreement

# SCHEDULE A
## SALES AREA DESCRIPTION

**DEPOT:** ~~SAN JOSE~~ *San Carlos*  SALES AREA # 35

Unless otherwise indicated, only the inside (side facing the interior of the territory) of all the city, town, or state lines rivers or other natural boundaries of border streets and highways is included in the sales area. The location of any Outlet shall be determined by its street address. There are no additions or exceptions unless noted.

**BEGINNING AT A POINT** where the Embarcadero intersects with Market Street
- Proceed south on the Embarcadero
- Proceed Southwest on King St.
- Proceed South on Third St.
- Proceed North on Hwy 101
- Proceed West on Hwy 280
- Proceed West on Bosworth
- Proceed Northwest on Oshaughnessy
- Proceed East on Portola
- Proceed North on Market Street
- Proceed Northeast on market St. to the Embarcadero to, the **POINT AND PLACE OF THE BEGINNING.**

## ADDITIONS:
This Sales Area also includes:
All Account Northeast of Harvey Avenue & Third St.

## EXCEPTIONS:
This Sales Area excludes:
NONE

DISTRIBUTION CONSULTANTS, INC.
2900 WESTCHESTER AVENUE
PURCHASE, NEW YORK 10577

J:\WINWORD\SARALEE\California\Sales Areas\San Jose\35.doc   12/11/00

# SCHEDULE "B"
## CONTRACTUAL DEFINITIONS:
## SALES AREA #35
## (SOUTHERN CALIFORNIA)

The following definitions shall apply for the purposes of this Distribution Agreement:

**OUTLETS:** As referred to in §1.2, Outlets shall mean all retail stores (whose principal business is the sale of food to the general public), and restaurants and institutions which purchase Products by direct store door delivery. Outlets shall not be deemed to include mass merchandisers (except COSTCO, Walmart and Sam's Clubs), street vendors, or any Outlets serviced by methods other than store door delivery.

**PRODUCTS:** As referred to in §1.3, Products shall mean all fresh baked breads, rolls, bagels, and similar fresh baked products intended to be sold as fresh, and sold under the names and trademarks Sara Lee or International. Products shall also include products distributed under private labels or labels belonging to third parties, except that DISTRIBUTOR'S right to such Products shall be no greater than, and shall last only so long as, SARA LEE FRESH has such rights. Products shall not include products distributed by SARA LEE FRESH under any names or trade marks other than those listed above, products distributed by the Sara Lee Food Service Division, products intended to be sold as frozen, refrigerated, reconstituted, damaged, stale or off code products.

**ADDRESS FOR NOTICE:** As referred to in §11.1, notices to SARA LEE FRESH shall be addressed to:
**Sara Lee Fresh , Inc.**
**5200 South Alameda Street**
**Vernon, California 90058**
**Attention: Vice President, Sales**

SARA LEE FRESH Schedule B